

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4244 | **DATE** | 9/27/2002 |
| **CASE TITLE** | Nancy S. King vs. Anthony Principi | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendant's Motion for Summary Judgment is GRANTED and the case is dismissed pursuant to Federal Rule of Civil Procedure 56.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 3 0 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | 42 |
| | Copy to judge/magistrate judge. | | | |
| | WAP | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED SEP 27 2002

Judge Harry D. Leinenweber
U.S. District Court

NANCY S. KING,

Plaintiff,

v.

ANTHONY PRINCIPI, Secretary of
Veterans Affairs,

Defendant.

Case No. 00 C 4244

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Plaintiff Nancy S. King ("King") brought this action against her former employer, the United States Department of Veteran Affairs (the "VA"), alleging employment discrimination and retaliation. Before the Court is the VA's Motion for Summary Judgment.

## BACKGROUND

King is a 67-year-old African-American who was hired by the VA as a ward clerk in 1987. In November 1987, King was transferred to the Psychiatric Unit under the supervision of Candace Evans ("Evans"). Shortly thereafter, King began to be cited for numerous performance problems. This led to King being placed on "performance improvement plans" in order to bring her job performance to satisfactory levels. King takes a different view of this period. King alleges that Evans constantly spoke ill of her throughout the department and consistently wrote up poor work

performance reports without properly investigating the alleged incidents. King believes that these negative performance reviews, and her ultimate termination, resulted from Evans' discriminatory animus. In April 1992, King contacted EEOC counselor Pauline Geary to discuss her concerns.

In August 1992, the staff on the medical unit where King was assigned wrote a memorandum outlining King's work performance problems to the chief of Medical Administration Services, James Alexander. As a result of the memorandum, King was given a written warning outlining instances of her poor work performance and giving her until November 1992 to improve her work performance or face possible demotion or termination of her employment. Still believing that her poor evaluations were the product of age, race and color discrimination, King filed an internal complaint which initiated a review of her allegations by an Administrative Board of Investigation. King was reassigned to another unit while the Board conducted its investigation.

The Administrative Board of Investigation conducted an independent review of King's discrimination claims. In October 1992, the Board issued a decision finding that there was no evidence of discrimination, but that there was evidence supporting King's poor performance evaluations. Following the termination of the Board's investigation, King was returned to her former position

- 2 -

on November 18, 1992 and her performance appraisal period was extended to February 1, 1993. By December 1992, King had again contacted an EEOC counselor about her belief that she was the target of discriminatory and harassing conduct.

On January 4, 1993, King was again notified that her work performance continued to be unacceptable and that she would accordingly be denied a pay increase. On February 2, 1993, at the expiration of the performance appraisal period, King was again informed of her poor work performance level and was again reassigned to another unit. King filed a formal EEOC charge of discrimination on March 3, 1993. On April 16, 1993, the VA issued a proposed notice of removal and King was so notified. In May 1993, after an inquiry from Congressman John Porter regarding King's allegations of discrimination, King received a letter from the VA Medical Director, A.S. Pate, stating that he had reviewed the evidence before him and had approved her removal from the VA effective August 29, 1993.

King appealed her removal to the Merit System Protection Board, but the appeal was dismissed as untimely on November 16, 1993. Over the next several years, King's discrimination claims bounced back and forth between the EEOC and the Office of the General Counsel for the VA. Following an evidentiary hearing, an ALJ issued a decision on September 12, 1996. The ALJ found that

King failed to demonstrate that the VA's articulated, non-discriminatory reasons for its actions were a pretext for discrimination. On October 10, 1996, the VA adopted the ALJ's decision as the final agency decision. King appealed the decision to the EEOC. On May 14, 1998, the EEOC issued a decision affirming the ALJ's finding that there was no evidence of discrimination. The EEOC based its decision on its own finding that King had presented no evidence to either the ALJ or the EEOC that the VA had discriminated against her. The EEOC denied King's motion to reconsider on March 24, 2000. King filed the instant action on July 13, 2000.

In the case at bar, King alleges retaliation and discrimination based on race, color, and age in violation of Title VII, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C. § 621 *et seq.* Specifically, King alleges the following discriminatory and retaliatory acts: (1) denial of a January 4, 1993 pay increase by supervisor Evans; (2) issuance of an "unacceptable performance" warning in August 1992; (3) failure to provide a performance evaluation for the 1992 - 1993 time period; (4) failure of the VA supervisory staff to assist King in the completion of her three workers compensation claims; and, (5) removal of King from her position with the VA in 1993.

## DISCUSSION

### *Standard*

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). The court must "review the record in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor." *Vanasco v. National-Louis Univ.*, 137 F.3d 962, 964 (7th Cir. 1998). Nevertheless, the party who bears the burden of proof on an issue may not rest on the pleadings, but must affirmatively demonstrate that there is a genuine issue of material fact that requires trial. *Warsco v. Preferred Technical Group*, 258 F.3d 557, 563 (7th Cir. 2001).

## ANALYSIS

### *Discrimination*

A plaintiff may establish a Title VII (or ADEA) violation by either direct evidence of discrimination or through the *McDonnell Douglas* burden shifting approach. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Walker v. Glickman*, 241 F.3d 884, 888 (7th Cir. 2001). The *McDonnell Douglas* method requires a plaintiff establish a *prima facie* case of discrimination by producing

evidence that: (1) she is a member of the protected class; (2) at the time of discrimination she was meeting legitimate employment expectations; (3) she suffered from adverse employment actions; and (4) she was treated less favorably than similarly situated employees. *See Peele v. Country Mutual Ins. Co.*, 2002 WL 827179 (7th Cir. 2002). Once a *prima facie* case has been established, the employer bears the burden of offering a legitimate, nondiscriminatory purpose for its action; which plaintiff must then rebuff as pretextual. *Id.* As King has not come forward with direct proof of discrimination, the Court will analyze King's claims under the *McDonnell Douglas* burden shifting analysis.

The VA contends that King cannot make out a *prima facie* case of discrimination because the record is devoid of evidence that King was meeting her employer's legitimate expectations. The Court agrees. The record indicates a consistent pattern of negative work performance evaluations throughout King's employment with the VA: King was denied a within-grade pay increase due to poor performance in 1988; she was placed on "performance improvement plans" in 1989, 1990, 1991 and 1992 in an attempt to remedy chronic deficiencies in King's work performance; and King was suspended for failure to follow instructions and insubordination in September 1991. Moreover, as the Board of Administrative Investigation found after performing its own investigation, there is considerable evidence

that King consistently had interpersonal difficulties with many of her co-workers and supervisors - not just Candace Evans. In light of the overwhelming evidence that she consistently failed to meet her employer's legitimate expectations, King fails to establish a *prima facie* case of discrimination. The VA is therefore entitled to summary judgment as to King's claims of race, color and age discrimination.

### *Retaliation*

In her response to Defendant's Interrogatory Number 5, King stated that "the termination and harassment [were] based on Ms. King's age, race and color or was in retaliation for Ms. King filing the worker's compensation claims in 1992 or as a result of the EEOC claims Ms. King filed in 1992 and 1993." (emphasis added). Employers are prohibited from discriminating against any employee because she has opposed employment practices made unlawful under Title VII. 42 U.S.C. § 2000e-3(a). A *prima facie* case of retaliation is established when a plaintiff shows that: (1) she engaged in protected activity under Title VII; (2) she suffered an adverse employment action subsequent to her participation; and (3) there exists a causal connection between the adverse employment action and her participation in protected activity. *Johnson v. University of Wisconsin-Eau Claire,* 70 F.3d 469, 479 (7th Cir. 1995).

King seems to argue that every employment action she complains of was actually an act of retaliation. The adverse employment actions King complains of are: (1) denial of a January 4, 1993 pay increase by the VA; (2) issuance of an unacceptable performance warning in August 1992; (3) failure to provide a performance evaluation for the 1992 - 1993 time period; (4) failure of the VA supervisory staff to assist King in the completion of her three workers compensation claims; and (5) removal of King from her position with the VA in 1993. The VA's actions in issuing an unacceptable performance warning in August 1992, failing to provide a performance evaluation for the 1992 - 1993 time period, and failing to assist King in the completion of her three workers compensation claims are clearly not considered "materially adverse" employment actions for purposes of a Title VII retaliation claim. *See Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998) (holding that, to be actionable as retaliation, there must be a "significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.").

This leaves for consideration only the VA's denial of a pay increase on January 4, 1993 and the VA's decision to terminate King's employment. In order to demonstrate the causal connection

necessary for a *prima facie* case of retaliation, a plaintiff must establish that the employer would not have taken an adverse employment action "but for" the protected expression. *Johnson*, 70 F.3d at 479. There is simply no evidence in the record from which a rational trier of fact could find a causal link between any protected activity and either the VA's decisions to deny King a pay increase on January 4, 1993, or the VA's subsequent decision to terminate King's employment. *See Oest v. Ill. Dept. of Corrections*, 240 F.3d 605, 616 (7th Cir. 2001). Even assuming, *arguendo*, that King could make out a *prima facie* case of retaliation based on these actions, there is nothing in the record which suggests that either the pay increase denial or King's termination resulted from anything other than the King's well-documented history of poor work performance. The VA is therefore entitled to summary judgment on King's claim of retaliation.

## CONCLUSION

For the reasons stated above, Defendant's Motion for Summary Judgment is GRANTED and the case is DISMISSED pursuant to Federal Rule of Civil Procedure 56.

**IT IS SO ORDERED.**

Date: September 27, 2002

Harry D. Leinenweber, Judge
United States District Court